[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTIONS FOR PROTECTIVE ORDER (#119 120)
Before the court are two motions for protective order filed pursuant to Practice Book § 13-5 on April 10, 2000, and May 15, 2000, respectively. The motions were filed by Francis J. Verderame, Jr., a nonparty to the present action.
On August 16, 1999, Francis J. Verderame, Sr., filed an amended complaint in four counts against the defendant, James J. Pryor. The action sounds in breach of contract, breach of the duty of good faith and fair dealing, unfair trade practices and negligent misrepresentation resulting from a stock purchase agreement and deferred compensation CT Page 1580 agreement. The defendant filed an answer, special defenses and an amended counterclaim sounding in breach of a covenant not to compete, breach of the covenant of good faith and fair dealing and violation of CUTPA. The plaintiff filed an answer and special defenses to the defendant's counterclaim and filed a counterclaim sounding in accord and satisfaction, estoppel and waiver.
The defendant issued a notice of deposition and production of documents to the movant, seeking to depose the movant on May 2, 2000. The defendant issued a second notice of deposition and production of documents to the movant seeking to depose the movant on May 17, 2000. The notice of production demands all documents related to 35 clients of Southington Insurance Center, Inc., of which the movant is president. The movant and Southington Insurance Center, Inc. are not parties to the present action. Neither notice included a subpoena, nor were they served by certified or registered mail.
The movant seeks a protective order from the deposition because the defendant failed to serve a subpoena pursuant to Practice Book §13-28. The movant seeks a protective order from the requested production on the grounds that the documents sought are not discoverable pursuant to General Statutes § 36a-988. The movant further argues that the documents are not reasonably calculated to lead to the discovery of admissible evidence, they are overly broad, unduly burdensome and subject the movant's insureds to the disclosure of confidential records.
The defendant objects to the motion for protective order on the grounds that the deposition is likely to lead to relevant and admissible evidence and that such an order would severely hamper and interfere with the defendant's right to legitimate disclosure and production.
 DISCUSSION
"The extent of discovery and use of protective orders is clearly within the discretion of the trial judge." State Department of Transportationv. Steinman, Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 571964 (May 27, 1998, Hennessey, J.). Practice Book § 13-5 provides in relevant part: "Upon motion by a party from whom discovery is sought, and for good cause shown, the judicial authority may make any order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. . . ."
 I
As provided by the rules of practice, "any party who has appeared in a CT Page 1581 civil action . . . may, at any time after the commencement of the action or proceeding, in accordance with the procedures set forth in this chapter, take the testimony of any person, including a party, by deposition upon oral examination. The attendance of witnesses may be compelled by subpoena as provided in Section 13-28." Practice Book § 12-26. "Each judge or clerk of any court, notary public or commissioner of the superior court, in this state, may issue a subpoena, upon request, for the appearance of any witness before an officer authorized to administer oaths within this state to give testimony at a deposition subject to the provisions of Sections 13-2 through 13-5, if the party seeking to take such person's deposition has complied with the provisions of Sections 13-26 and 13-27." Practice Book § 13-28(b). "[R]easonable notice [of the deposition] . . . shall be served upon each party or each party's attorney by personal or abode service or by registered or certified mail." Practice Book § 13-27(a). "The party seeking to bar a deposition must make a threshold showing that there is good cause that the protective order issue." Bonk v. Iaropoli, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 341890 (July 27, 1998,Skolnick, J.).
In the present case, the notices of deposition failed to comply with Practice Book §§ 13-26 through 13-28. The plaintiff failed to issue a subpoena to the movant and failed to have the notice served in compliance with Practice Book § 13-27(a). The movant, therefore, was not obligated to comply with the defendant's request. The court declines, however, to issue a protective order which would prevent the defendant from taking the deposition of the movant if such a notice of deposition complies with the rules of practice. Depositions of nonparties are allowed by the rules of practice and the movant has not met his burden of showing annoyance, embarrassment, oppression or undue burden or expense. See Practice Book § 13-5.
 II
Also before the court is the issue of whether the documents sought by the defendant are privileged. The movant argues that the documents are protected by General Statutes § 38a-988, as amended by No. 99-284 of the 1999 Public Acts, which provides in relevant part: "An insurance institution, agent or insurance-support organization shall not disclose any personal or privileged information concerning an individual collected or received in connection with an insurance transaction unless the disclosure is: . . . (h) In response to a facially valid administrative or judicial order, including a search warrant or subpoena. . . ." The defendant maintains in his objection that "the deposition of Southington Insurance Center, Inc. is likely to lead to relevant and admissible in the instant matter." CT Page 1582
"Discovery is confined to facts material to the . . . cause of action and does not afford an open invitation to delve into the defendant's affairs. . . .A [party] must be able to demonstrate good faith as well as probable cause that the information sought is both material and necessary to his action." (Citations omitted.) Berger v. Cuomo, 230 Conn. 1, 6-7,644 A.2d 333 (1994). The defendant has failed to demonstrate the relevance or materiality of the documents requested to the present action. Without a more specific statement as to what information from the movant's files is sought with reference to the relevant issues in the case, the court has no basis upon which to determine whether the information would be reasonably calculated to lead to the discovery of admissible evidence.
Additionally, the movant has shown good cause for the issuance of a protective order for the files sought by the defendant as required by Practice Book § 13-5. The movant is prohibited from disclosing personal and privileged information contained in the files of Southington Insurance Center, Inc., absent a court order, pursuant to General Statutes § 38a-988(h), as amended by No. 99-284 of the 1999 Public Acts.[1] No subpoena or court order was issued.
Accordingly, the court grants the orders protecting the documents at issue pending a proper showing by the defendant.
BY THE COURT
Hon. Andre M. Kocay, J.